UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL S. JOHNSON,

    Plaintiff,

v.                                          Case No. 24-CV-239

JAY VAN LANEN and
DANIEL CUSHING,

    Defendants.

## ORDER SCREENING THE COMPLAINT

On February 22, 2024, the defendants filed a notice of removal of plaintiff Michael S. Johnson's case to federal court. (ECF No. 1.) Because Johnson is incarcerated, the court must screen his complaint.

## SCREENING THE COMPLAINT

*Federal Screening Standard*

The Prison Litigation Reform Act (PLRA) applies to this case because Johnson was incarcerated when he filed his complaint. The PLRA requires courts to screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that

fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Johnson's Allegations*

Johnson alleges that on June 16, 2023, defendant Jay Van Lanen aggressively asked him to assum[e] a gang leadership role on the GBCI Prison Officials' behalf to prevent a riot over their newly implemented restrictive phone policy." (ECF No. 1-2 at 4.) Johnson declined. (*Id*.) Two days later on June 18, 2024, Van Lanen again asked him to participate, and Johnson again refused. (*Id*.) On July 19, 2023, Johnson filed an inmate grievance complaining that Van Lanen kept asking him to take on this role. (*Id*.) As a result, Van Lanen had Johnson placed in segregation on temporary lock-up status in retaliation for filing the inmate grievance. (*Id*.)

Johnson states that for over three months, Van Lanen and defendant Daniel Cushing had another prisoner threaten and harass him because of his refusal to take on the leadership role. (ECF No. 1-2 at 5-6.) Then, on November 24, 2023, Cushing attempted to place Johnson in segregation based on "fabricated and concocted allegations of misconduct." (*Id.* at 6.) When Johnson asked to see the evidence of the alleged misconduct, Cushing refused and then "violently pepper sprayed [Johnson] while [he] was on [his] hands and knees in a position of prayer." (*Id.* at 6.)

*Analysis*

Johnson claims that Van Lanen violated his constitutional rights when he put him in segregation in retaliation for filing an inmate grievance. To state a retaliation claim, a plaintiff must allege that "(1) [the plaintiff] engaged in an activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014).

Filing grievances is a protected activity. *Hughes v. Scott*, 816 F.3d 955, 956 (7th Cir. 2016). Time in segregation is also a deprivation likely to deter filing of grievances, and Johnson alleges that filing the grievance was a motivating factor for Van Lanen's actions. He may proceed on a First Amendment retaliation claim against Van Lanen.

Johnson may also proceed on an Eighth Amendment excessive force claim against Cushing. "Correctional officers violate the Eighth Amendment when they use force 'maliciously and sadistically for the very purpose of causing harm,' but not when they apply it in good faith to maintain or restore discipline." *Jackson v. Angus*, 808 Fed. Appx. 378, 382 (7th Cir. 2020) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). At this stage, Johnson sufficiently alleges that Cushing sprayed him for the very purpose of causing harm.

To the extent that Johnson attempts to bring a claim based on Van Lanen and defendant Daniel Cushing allegedly directing another prisoner to harass Johnson, verbal harassment rises to the level of cruel and unusual punishment only where it incites psychological pain, such as a guard purposely telling an inmate with a headache that the doctor told him that the inmate had terminal brain cancer. *Lisle v. Welborn*, 933 F.3d 705, 718 (7th Cir. 2019). Johnson does not sufficiently allege that the harassment he experienced rises to the level of a constitutional violation, and he may not proceed on a claim for the alleged harassment.

Also, to the extent he alleges a claim for fabricated conduct reports, Johnson does not include enough details about what was fabricated and how it impacted him to proceed on such a claim.

4

**THEREFORE, IT IS ORDERED** that Johnson is allowed to proceed on the claims as described above. The defendants must answer the complaint within 60 days of the date of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk of Courts
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Johnson is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Johnson is reminded that it is his responsibility to promptly notify the court if he is released from custody or

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

transferred to a different institution. Johnson' failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Johnson may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 20th day of May, 2024.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge